CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
03/20/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| ANTWHON SUITER, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:24-cv-00054 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MARY BARRA, et al., | ) | By:   Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on four motions. First, Defendant Mary Barra ("Barra") moves to quash service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. *See* M. Barra Motion to Quash ("MTQ"), ECF No. 8. Second, Defendants General Motors LLC ("GM") and Chevrolet (collectively, "Corporate Defendants") move to quash service of process under the same rule.[1] *See* Corp. Defs.' MTQ, ECF No. 10. Third, pro se Plaintiff Antwhon Suiter ("Suiter") moves to dismiss Chevrolet as a named defendant with prejudice because Chevrolet is a brand name under GM, "rather than a separate legal entity." Suiter Motion to Dismiss ("MTD") Chevrolet, ECF No. 12. Fourth, Suiter seeks leave to amend his complaint, ECF No. 1, under Rule 15(a)(2) of the Federal Rules of Civil Procedure. Suiter Motion to Amend ("Mot. to Am."), ECF No. 22. His proposed amended complaint, ECF No. 22-1, does not name Chevrolet as a defendant.

In late July 2024, Suiter, appearing pro se and proceeding in forma pauperis, ECF No. 3, filed a complaint against Barra, the CEO of General Motors, LLC, in her individual capacity; GM; and Chevrolet, related to the purchase of an allegedly defective 2018 Chevrolet Malibu LT. *See* Compl. ¶¶ 1–6, ECF No. 1. Suiter alleges a breach of the implied warranty of

---

[1] Defendants' counsel made a special appearance "for the sole purpose of quashing service on the defendants. Defendants do not appear generally in this action and reserve all claims, objections, and defenses they may have." Defs.' Notice of Appearance, ECF No. 7.

1

merchantability, negligence, fraudulent concealment, and violations of the Magnuson-Moss Warranty Act ("MMWA") and Virginia Consumer Protection Act ("VCPA"). *See generally id.* ¶¶ 13–33 (Counts 1–5). He seeks compensatory damages ($250,000), punitive damages, "a replacement vehicle of equal or greater value," and attorneys' fees and costs. *Id.* (Prayer for Relief). For the reasons set forth below, the Court by separate order will (1) GRANT Barra's motion to quash service of process, ECF No. 8; (2) GRANT the Corporate Defendants' motion to quash service of process, ECF No. 10; (3) GRANT Suiter's motion for leave to amend his complaint, ECF No. 22; and (4) DENY as moot Suiter's motion to dismiss Chevrolet, ECF No. 12. The Clerk will reissue summonses for Suiter to serve the amended complaint under Rule 4 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(b)–(c).

I. Standard of Review

Rule 4 governs most service of process in federal district courts. *Brown v. Am. Insts. for Research*, 487 F. Supp. 2d 613, 616 (D. Md. 2007) (citing Fed. R. Civ. P. 4). "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b); *see* Fed. R. Civ. P. 4(a)(1)(A)–(G). "A summons must be served with a copy of the [operative] complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)," Fed. R. Civ. P. 4(c)(1), and in the manner required by Rule 4(e)–(j), as applicable. *Shirley v. Staubs*, 812 F. App'x 162, 162–63 (4th Cir. 2020) (explaining that a plaintiff proceeding in forma pauperis "is responsible for timely service," but that the U.S. Marshal Service must make a "reasonable effort" to perfect such service on plaintiff's behalf) (citing Fed. R. Civ. P. 4(c)(1)); *see also Tankard v. Charter Spectrum, Inc.*, No. 1:23cv696, 2023 WL 11899900, at *1 (M.D.N.C. Aug. 23, 2023) (noting

2

that a plaintiff proceeding in forma pauperis "is responsible for preparing and delivering to the Clerk the correct summons for service on each defendant, including the correct address and the name and title of the individual to be served").

Rule 12(b)(5) provides for dismissal without prejudice where a plaintiff fails to follow Rule 4's service of process requirements with respect to the movant. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). When a named defendant moves to dismiss under Rule 12(b)(5), "[t]he plaintiff bears the burden of proving" that service of process conformed with Rule 4. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016). "If a defendant receives 'actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4[] should be liberally construed to effectuate service and uphold the jurisdiction of the court.'" *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963). As such, "every technical violation of the rule or failure of strict compliance may not invalidate service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). However, "'actual notice,' . . . is not the controlling standard," *Scott*, 673 F. App'x at 304 (citing *Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 576 (4th Cir. 2004)), and Rule 4's "plain requirements for the means of effective service of process may not be ignored," *Armco, Inc.*, 733 F.2d at 1089. Nevertheless, a "district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by [Rule 4]. And if the plaintiff is able to show good cause for the failure, then the court *must* grant the extension." *Gelin v. Shuman*, 35 F.4th 212, 219 (4th Cir. 2022).

3

Meanwhile, "Rule 15 governs the process" when a "plaintiff wishes to amend its complaint" in a pending action. *Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d 536, 540 (4th Cir. 2013). Under Rule 15(a)(2), a party may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[2] The Rule "instructs courts to 'freely' allow amendments when 'justice so requires.'" *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020) (quoting Fed. R. Civ. P. 15(a)(2)). Leave to amend "should be denied only when 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Moon v. BMX Techs., Inc.*, 956 F. Supp. 2d 711, 714 (W.D. Va. 2013) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)), *aff'd*, 577 F. App'x 224 (4th Cir. 2014). "Prejudice is the weightiest factor, [and] the absence thereof, 'though not alone determinative will normally warrant granting leave to amend.'" *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 346 (D. Md. 2018) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)), *aff'd sub nom. Oliver v. Bartholomew*, 785 F. App'x 166 (4th Cir. 2019). "Delay alone" is not a "reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Edwards*, 178 F.3d at 242 (internal citation omitted). "Bad faith" means "[d]ishonesty of belief or purpose." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022) (alteration in original) (quoting *Bad Faith, Black's Law Dictionary* (8th ed. 2004)). An amendment is futile "when the proposed amendment

---

[2] Suiter's motion for leave to amend his complaint expressly relies on Rule 15(a)(2). ECF No. 22. Further, Suiter filed this motion on October 1, 2024, which was more than 21 days after service of Defendants' motions under Rule 12(b)(5), ECF Nos. 8, 10 (Aug. 27, 2024). *See* Fed. R. Civ. P. 15(a)(1)(B); *cf. Bhatti v. Goldman*, No. 2:14-cv-3226, 2014 WL 5089381, at *1 (C.D. Cal. Oct. 9, 2014) (denying as moot defendant's Rule 12(b)(5) motion directed at plaintiff's initial complaint where plaintiff "filed" his first amended complaint "as a matter of course within 21 days after service" of the Rule 12(b)(5) motion (citing Fed. R. Civ. P. 15(a)(1)(B)).

4

is clearly insufficient or frivolous on its face." *United States ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 879 (E.D. Va. 2015) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)).

## II. Background & Procedural History

On July 25, 2024, Suiter filed this lawsuit, alleging that he purchased a defective 2018 Chevrolet Malibu LT. *See* Compl. ¶¶ 1–6. He sought damages for breach of implied warranty of merchantability, negligence, fraudulent concealment, and violations of the MMWA and VCPA. *Id.* Suiter also moved for leave to proceed in forma pauperis under 28 U.S.C. § 1915. ECF No. 2. On July 26, 2024, this Court granted his motion and directed the United States Marshal Service to serve the summons and complaint. ECF No. 3; *see* Fed. R. Civ. P. 4(c)(3) (noting that the court must order service by a marshal "if the plaintiff is authorized to proceed in forma pauperis"). Therefore, Suiter had through October 24, 2024, to properly serve Barra and the Corporate Defendants with a summons and copy of his complaint. *See* Fed. R. Civ. P. 4(m); *Robinson v. Clipse*, 602 F.3d 605, 609 (4th Cir. 2010) (concluding that Rule 4(m)'s period within which a plaintiff must serve a defendant "is tolled . . . until the date on which in forma pauperis status is granted").

On August 2, the deputy clerk issued three separate summonses directed to Barra, GM, and Chevrolet, respectively, to be served at "300 Renaissance Center, Detroit MI 48243." *See* Summonses 1, 3, 5, ECF No. 5; Form USM-285 1–3, ECF No. 5-1. The signed process receipt and return for each summons "certifies" that on August 8, 2024, at 4:00 p.m., the U.S. Marshal or Deputy "executed" that summons by taking the following action: "Left at reception desk of #300 tower." ECF No. 6, at 1–3. The executed returns do not identify "the individual," if anyone, with whom the U.S. Marshal or Deputy "left" the "summon[ses] and complaint." *See id.*

5

On August 27, Barra and the Corporate Defendants moved to quash service of process under Rule 12(b)(5), arguing that Suiter did not comply with Rule 4(e) (for service on Barra) and Rule 4(h) (for service on the Corporate Defendants). *See* M. Barra Br. in Supp. MTQ 4–5, ECF No. 9; Corp. Defs.' Br. in Supp. MTQ 3–5, ECF No. 11. Suiter opposed the motions to quash, arguing that he properly served an "agent" of Barra and the Corporate Defendants. Suiter Br. in Opp'n to M. Barra MTQ 1, ECF No. 14; Suiter Br. in Opp'n to Corp. Defs.' MTQ 1, ECF No. 13. Suiter also argues, in the alternative, that service is proper because the Defendants had actual notice of the lawsuit against them. Suiter Br. in Opp'n to M. Barra MTQ 2; Suiter Br. in Opp'n to Corp. Defs.' MTQ 2.

Chevrolet also moves to be dismissed with prejudice because it is a brand of GM, not a separate legal entity. Corp. Defs.' Br. in Supp. MTQ 1 n.1. Suiter appears to agree because he filed a motion to voluntarily dismiss Chevrolet on identical grounds, ECF No. 12, and moved for leave to amend his complaint, ECF No. 22. His proposed amended complaint, ECF No. 22-1, does not name Chevrolet as a defendant to the action.

### III. Discussion

A.      *Motions to Quash*

    1.      *Suiter's Service on Barra was Insufficient*

Barra contends that Suiter did not serve her in accordance with Rule 4(e), because Suiter's court-appointed process server merely "deliver[ed] a copy of the Summons at her place of business." *See* M. Barra Br. in Supp. MTQ 3–5. Barra argues that service should be quashed and she should be dismissed with prejudice.[3] *See* M. Barra MTQ 1. Suiter does not contend that

---

[3] As an initial matter, Barra is wrong as a matter of law to request dismissal *with* prejudice because Rule 4(m) allows a court only to "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). *May v. Martin Fein Interest Ltd.*, No. 5:21-cv-83, 2023 WL 1873155, at *3 (E.D.N.C. Jan. 24, 2023) (citing 5B Charles A. Wright & Arthur R.

6

the U.S. Marshal personally served Barra or effected substitute service in accordance with Va. Code § 8.01-296(1)–(2) or Fed. R. Civ. P. 4(e)(2)(A)–(B). *See generally* Suiter Br. in Opp'n to M. Barra MTQ. Instead, Suiter argues that he complied with Rule 4(e)(2)(C) by "delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." *Id.* at 1. Suiter bears the burden of showing that service of process was sufficient. *Scott*, 673 F. App'x at 304. He has not met this burden.

Rule 4(e) governs serving an individual, like Barra. A plaintiff may serve process consistent with the law of the state where the court is located. Fed. R. Civ. P. 4(e)(1). Under Virginia law, Suiter could serve Barra by having a process server: (1) deliver a copy of the summons and complaint to Barra in person; (2) deliver a copy of each to a member of Barra's family over the age of 16 at Barra's usual place of abode; or (3) post a copy of each to the main entrance of Barra's abode and mail a copy to Barra's address. *Poole v. Pass*, 351 F. Supp. 2d 473, 477 n.9 (E.D. Va. 2005) (citing Va. Code § 8.01-296(1)–(2)). If personal service (under subsection 1) and substitute service (under subsection 2) cannot be completed, a party can be served through an order of publication. *Evans v. Evans*, 860 S.E.2d 381, 385 (Va. 2021) (citing Va. Code § 8.01-296(3)). Under Rule 4(e)(2), Suiter could serve Barra by having a process server: (A) deliver a copy of the summons and complaint to Barra personally; (B) leave a copy of each at the Barra's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) deliver a copy of each to an agent authorized by appointment or by law to receive service of process. *Poole*, 351 F. Supp. 2d at 477 n.9 (citing Fed. R. Civ. P. 4(e)).

---

Miller, Federal Practice & Procedure § 1353 at 345–46 (3d ed. 2008) ("Fed. Practice & Procedure")), *adopted*, 2023 WL 1864859 (E.D.N.C. Feb. 9, 2023).

Here, Suiter's attempt to serve process on Barra under Rule 4(e)(2)(C) was defective. Suiter asserts that he complied with Rule 4(e)(2)(C) by serving "an agent authorized by appointment or by law to receive service of process." Suiter Br. in Opp'n to M. Barra MTQ 1. However, "[Suiter] is required to show that [Barra] appointed the individual[] who the summons and complaint were delivered to 'for the specific purpose of receiving process.'" *Turner v. Howell*, No. 4:22-cv-130, 2023 WL 6509490, at *5 (W.D. Va. Oct. 5, 2023) (quoting 4A Fed. Practice & Procedure § 1097 (4th ed. 2023)); *see also Williams v. Mid-Hudson Forensic Psychiatric Ctr.*, No. 16-cv-2188, 2018 WL 1581684, at *3 (S.D.N.Y. Mar. 27, 2018) ("In order to meet the burden that defendants were properly served [under Rule 4(e)(2)(C)], a plaintiff must also demonstrate that the person who accepted service, if not the individual defendant, was an 'agent for service of process.'" (collecting cases)). Suiter has not done so. The executed return for Barra's summons does not state whether it was left with a person; it only notes that process was "left at [a] reception desk" at the business address listed on the summons. Accordingly, Suiter's attempted service did not comply with Rule 4(e). *Cf. Garris v. Gober*, 554 F. App'x 211, 211 (4th Cir. 2014) (noting that "leaving the summons and complaint with a coworker[] did not satisfy the requirements of Rule 4(e)"); *Rivers v. United States*, No. 6:18-cv-61, 2020 WL 1480781, at *2–3 (W.D. Va. Feb. 26, 2020) (finding insufficient service when process was left with a receptionist at defendant's law firm).

    2.    *Suiter's Service on the Corporate Defendants was Insufficient*

The Corporate Defendants contend that Suiter did not serve them in accordance with Rule 4(h), because Suiter's court-appointed process server merely "deliver[ed] a copy of the Summons[es] to the front desk at GM's principal place of business." *See* Corp. Defs.' Br. in Supp. MTQ 3–5. The Corporate Defendants argue that service on GM should be quashed and

8

Chevrolet should be dismissed with prejudice. *Id.* at 1. Much like before, Suiter argues that he complied with Rule 4(h)(1)(B) by "delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." [4] *Id.* at 1. Again, he has not met his burden.

Rule 4(h) governs serving process on a corporation within the United States. *Simmons v. TransUnion, LLC*, 712 F. Supp. 3d 629, 636 (D. Md. 2024) (citing Fed. R. Civ. P. 4(h)). Under Rule 4(h), a corporation can be served in accordance with state law[5] or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(A)–(B). Virginia law provides "multiple ways" to serve the Corporate Defendants. *See Michael Grecco Productions, Inc. v. Black Connections LLC*, No. 3:23-cv-516, 2024 WL 2261938, at *4 (E.D. Va. May 17, 2024) (citing Va. Code § 8.01-299). One way is to personally serve "any officer, director, or registered agent of such corporation." *Id.* (citing Va. Code § 8.01-299(1)).

Suiter argues that he effectuated service on a registered agent of the Corporate Defendants when process was "[l]eft at reception desk of #300 tower." Suiter Br. in Opp'n to Corp. Defs.' MTQ 1. However, Suiter must present "objective evidence" that *the person* served with process was "a designated 'officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" *See Ogan v. Future Motion,*

---

[4] Suiter cites Rule 4(e)(2)(C), but, because these defendants are corporations, the Court construes Suiter's argument to reference Rule 4(h)(1)(B). *Wall v. Rasnick*, 42 F.4th 214, 223 (4th Cir. 2022) (noting the "liberal construction [courts] afford pro se filings").

[5] Rule 4(h)(1) instructs that process may be served on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) permits following state law to satisfy the service of process requirements.

9

*Inc.*, No. 7:23-cv-1479, 2024 WL 2263378, at *2 (E.D.N.C. May 17, 2024) (quoting Fed. R. Civ. P. 4(h)(1)(B)) (concluding that the plaintiff's service of process was ineffective because the plaintiff did not support his contention that he served a person authorized to accept service with record evidence); *Turner*, 2023 WL 6509490, at *5 (citing 4A Fed. Practice & Procedure § 1097). Suiter has not done so. The executed returns for these defendants do not state whether process was left with a person; they note only that it was "left at [a] reception desk" at the business address listed on the summonses. Accordingly, Suiter's attempted service did not comply with Rule 4(h)(1). *See, e.g.*, *Joe Hand Promotions, Inc. v. GFL United LLC*, 645 F. Supp. 3d 530, 536 (M.D.N.C. 2022) (quashing service when plaintiff's affidavit of service merely noted that process was "Left At Front Desk", and "fail[ed] to note which, or even whether, an authorized agent signed for the documents"); *Ogan*, 2024 WL 2263378, at *2 (quashing service when plaintiff did not provide objective evidence that the person he served was the defendant corporation's agent for purposes of receiving process); *Plotzker v. Lamberth*, No. 3:08-cv-27, 2008 WL 4706255, at *5 (W.D. Va. Oct. 22, 2008) (quashing service of process when the plaintiff attempted service on the registered agent's receptionist, who was "clearly not an officer, managing or general agent, or an agent authorized by law to receive service of process").

    3.    *Actual notice does not remedy insufficient service in this case.*

In the alternative, Suiter asserts that even if the service was technically deficient, it was sufficient to give Barra and the Corporate Defendants actual notice of the lawsuit against them. Suiter Br. in Opp'n to Barra MTQ 2; Suiter Br. in Opp'n to Corp. Defs.' MTQ 2. While courts may excuse "technical violation[s]" or failures to strictly comply with Rule 4, Rule 4's plain requirements cannot be ignored. *Armco, Inc.*, 733 F.2d at 1089. Suiter's "non-compliance was

10

more than a mere technical violation; it is a 'substantial defect' that actual notice does not cure." *Cf. Turner*, 2023 WL 6509490, at *5–6 (finding the same where process was delivered to persons who "appear[ed] to be no more than colleagues at [individual] defendants' workplaces") (citing *Scott*, 673 F. App'x at 306); *see also Dillow v. Va. Polytechnic Inst. & State Univ.*, No. 7:22-cv-00280, 2023 WL 2320765, at *5 (W.D. Va. Mar. 2, 2023) (dismissing the plaintiff's claims for insufficient service despite the defendants having actual notice). Considering that the summonses were simply left at the reception desk and do not even identify with whom (if anyone) they were left, "[a]ctual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a pro se plaintiff." *Scott*, 673 F. App'x at 305–06. "To hold otherwise would eviscerate the clear requirements of Rule 4." *Id.* at 306.

Suiter's 90-day period to serve each Defendant with a summons and copy of his complaint expired on October 24, 2024. Fed. R. Civ. P. 4(m); *see Robinson*, 602 F.3d at 609. Under Rule 4(m), the Court now "must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if [Suiter] shows good cause for the failure, the court must extend the time for service for an appropriate time." *See Gelin*, 35 F.4th at 219. Considering Suiter's pro se status, his "timely attempt to serve" Defendants, his opposition "indicating that at least he believed he had perfected service" by the original deadline, and the deputy marshal's apparent failure to locate a person who was actually authorized to accept service of process, the Court will allow Suiter additional time to serve Defendants. *See Scott*, 673 F. App'x at 305 (finding "good cause" because the "delay was outside of [the plaintiff]'s control, and solely attirubtable to the Clerk and the USMS . . . ."); *Bullock v. Hamby*, No. 7:23-cv-337, 2024 WL 2869043, at *2 (W.D. Va. June 6, 2024) ("Because the Marshals Service, rather than the plaintiff, is responsible for service of process in this case, the 'failure of

11

the Marshals Service to properly effect service constitutes good cause for the plaintiff's failure to timely or correctly effect service under Rule 4,' rendering dismissal inappropriate.") (collecting cases); *Edwards v. Clinical Sols.*, No. 9:19-cv-2872, 2020 WL 7249906, at *4 (D.S.C. Oct. 16, 2020) (extending time for service where there was insufficient process, "[b]ecause the Marshal Service's failure to serve an authorized agent constitutes 'good cause' under Rule 4(m) . . . .").

Accordingly, that the Court will grant the Defendants' motions to quash, ECF Nos. 8, 10, and Suiter will be directed to serve his amended complaint in compliance with Rule 4.

B.      *Suiter's Motion to Amend & Motion to Dismiss*

In the motion to amend, Suiter argues that his amendments "support a viable legal theory," and would not prejudice Defendants. Suiter Mot. to Amend 2, ECF No. 22. Defendants, who made a limited appearance simply to quash service, did not file an opposition.

Guided by the liberal standard for leave to amend at this early stage of the case, *Moon*, 956 F. Supp. 2d at 714 ("Indeed, leave to amend a pleading should be denied only when 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile'") (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)); *Koukuntla v. Toll Bros. Real Estate, Inc.*, No. 5:23-cv-701, 2024 WL 3245599, at *1 (E.D.N.C. June 28, 2024) (granting motion to amend when pro se plaintiff did not act in bad faith, and amendment would not prejudice defendants or be futile); *Franklin v. DeJoy*, No. 3:24-cv-287, 2024 WL 3905728, at *1 (E.D. Va. Aug. 21, 2024) ("[O]ut of deference to [the plaintiff]'s *pro se* status and because it finds that justice so requires, the Court will grant him leave to file *nunc pro tunc* a Second Amended Complaint."), the Court will grant Suiter's motion for leave to amend.

12

Suiter's amended pleading supersedes the original. *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017). The amended complaint drops Chevrolet as a named Defendant. Therefore, the Court will deny Suiter's motion to dismiss Chevrolet as moot.[6]

### III. Conclusion

For the foregoing reasons, the Court will GRANT Defendants' motions to quash, ECF Nos. 8, 10, GRANT Suiter's motion to amend, ECF No. 22, and DENY as moot Suiter's motion to dismiss Chevrolet, ECF No. 12. The Clerk will be directed to file the amended complaint, ECF No. 22-1, as the operative complaint in this matter, and Suiter will be directed to serve the amended complaint under Rule 4 within thirty (30) days. A separate Order will be entered.

ENTER: March 20, 2025

Joel C. Hoppe
U.S. Magistrate Judge

---

[6] Chevrolet's request, in the alternative, to be dismissed is also moot.

13